**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| RICHARD BUPP<br>3000 Graham Road, Apt #219<br>Stow, Ohio 44224<br><br>    *Plaintiff*<br><br>    -vs-<br><br>CITY OF STOW<br>3760 Darrow Rd.<br>Stow, OH 44224-4038<br><br>and<br><br>JEFF FILM, individually and as<br>Chief of Police<br>Stow Police Department<br>3800 Darrow Road<br>Stow, OH 44244-4038<br><br>and<br><br>KEVIN M. GREEN, individually and<br>in his official capacity<br>Stow Police Department<br>3800 Darrow Road<br>Stow, OH 44244-4038<br><br>and<br><br>JOHN DOE, individually and<br>in his official capacity<br>Stow Police Department<br>3800 Darrow Road<br>Stow, OH 44244-4038<br><br>    *Defendants* | **CASE NO.**<br><br><br><br>**COMPLAINT**<br><br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

## INTRODUCTORY STATEMENT

1. This is an action for damages sustained by a citizen of the United States against police officers of the Stow Police Department, who unlawfully arrested the Plaintiff.

2. The action is against the Police Chief as the supervisory officer responsible for the conduct of the Defendants and for the Chief's failure to take corrective action with respect to police personnel whose propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, and against the City of Stow as the employer of the police personnel, which is sued as a person under 1983 42 U.S.C. §.

## JURISDICTION

3. This action is brought pursuant to 1983 42 U.S.C. 1983 and sequential sections, and the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States.

4. This Court has subject matter jurisdiction of the action under 1331 28 U.S.C. §§, 1343(a)(3),(4).

5. This Court may also exercise supplemental jurisdiction over the Plaintiff's state law claims that arise from the same facts and circumstances under 1367 28 U.S.C. §.

## PARTIES

6. Plaintiff is a resident of the City of Stow and at all times relevant to the allegations of this complaint was a citizen of the United States and a resident of Summit County, State of Ohio.

7. At all times relevant to this action Defendant, Kevin Green, was a police officer employed by the Stow Police Department to perform duties in the City of Stow.

8. At all relevant times, this Defendant was acting as the agent, servant, and employee of Defendant City of Stow.

9. At all times relevant to this action, Defendant, John Doe, was a police officer employed by the Stow Police Department to perform duties in the City of Stow.

10. At all relevant times this action, Defendant was acting as the agent, servant, and employee of Defendant, City of Stow.

11. At all times relevant to this action Defendant, Jeff Film, was the duly appointed Chief of the Stow Police Department. In this capacity, the Chief of the Stow Police Department was:

   A) The commanding officer of Defendants, Kevin Green and John Doe, and was responsible for their training, supervision, and conduct.

   B) Responsible by law for enforcing the regulations of the Stow Police Department and for ensuring that Stow police personnel obey the laws of the State of Ohio and of the United States.

   C) Acting as the agent, servant, and employee of the Defendant, City of Stow. This Defendant is sued individually and in his official capacity.

12. The Defendant, City of Stow, is a municipal corporation within the State of Ohio and at all relevant times employed the other Defendants in this action.

13. At all relevant times and in all their actions, the Defendants were acting under color of law and pursuant to their authority as police personnel.

## FACTUAL ALLEGATIONS

14. On or about July, 11 2017 defendant Kevin Green swore out a probable cause affidavit to charge the Plaintiff Richard Bupp with felony theft of a motor vehicle.

17. That affidavit was false.

16. The vehicle that Mr. Bupp was accused of stealing was the property of a decedent whom he was actively employed by and was the listed insured driver for.

17. These facts were known by the defendant at the time the affidavit was sworn.

18. There existed no probable cause at the time the affidavit was drafted.

19. Defendant Kevin Green acted with recklessness or actual malice in the drafting and filing of said affidavit.

20. Mr. Bupp was subsequently arrested and prosecuted on the basis of Kevin Green's affidavit.

21. Upon knowledge and belief defendant Kevin Green worked with another member of the Stow Police Department at times relevant to this complaint.

22. That other member of the Stow Police Department is unknown at this time and referred to in this complaint as John Doe.

23. As a result of the conduct described above, Plaintiff experienced humiliation, emotional distress, pain and suffering, incurred legal expenses, and was otherwise damaged.

24. The arrest and prosecution was unconstitional and unreasonable under the circumstances.

25. The abuse to which Plaintiff was subjected was consistent with an institutionalized practice of the Stow Police Department, which was known to and ratified by Defendant Chief of Police and City of Stow.

26. Despite knowledge of these institutionalized practices, the Defendant Chief of Police and City of Stow have at no time taken any effective action to prevent police personnel from continuing to engage in this type of misconduct.

27. Defendant Chief of Police and City of Stow had prior notice of the dishonest propensities of Defendants, Kevin Green and John Does, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

28. The failure of Defendant Chief of Police and City of Stow to properly train Defendant Kevin Green and John Doe included the failure to instruct them in applicable provisions of the State Penal Law of the State of Ohio and the proper and prudent use of force.

29. Defendant Chief of Police and City of Stow authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by:

    A) Failing to properly discipline, restrict, and control employees, including Defendant Kevin Green and John Doe known to be irresponsible in their dealings with citizens of the community;

    B) Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically Defendant Kevin Green and John Doe;

    C) Failing to forward to the office of the local city and county prosecutor evidence of criminal acts committed by police personnel;

    D) Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but

instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

30. The conduct of Defendant Chief of Police and City of Stow also constitutes gross negligence under state law.

31. As a consequence of the abuse of authority detailed above, Plaintiff sustained the damages alleged above.

## FEDERAL THEORIES OF RECOVERY

32. The actions and omissions described above, engaged in under color of state authority by the Defendants (including Defendant City of Stow, sued as a person and responsible because of its authorization, condonation, and ratification of the acts of its agents), deprived the Plaintiff of rights secured to him by the Constitution of the United States, including, but not limited to, the Plaintiff's:

A) Fourth Amendment right to be free from unlawful seizure of [his *or* her] person and;

B) Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and unlawful arrest and a right to due process.

## STATE LAW THEORIES OF RECOVERY

33. The acts and conduct alleged above constitute actionable torts under the laws of the State of, including the tort of:

A) False Imprisonment, False Arrest, and Kidnapping

B) Negligence, and

C) Gross negligence.

## **PRAYER**

Plaintiff demands the following relief:

A. Compensatory damages in excess of $75,000

B. Punitive damages in excess of $75000.

C. Attorney's fees pursuant to 42 U.S.C. §1988.

D. An award of Plaintiff's costs of suit.

E. All other relief that is appropriate under the circumstances.

Respectfully submitted,

**SLATER & ZURZ LLP**

/s/ *Sean C. Buchanan*
SEAN C. BUCHANAN (#0084569)
*Attorney for Plaintiff*
One Cascade Plaza, Suite 2210
Akron, Ohio 44308-1135
(330) 762-0700
(330) 762-3923 fax
sbuchanan@slaterzurz.com

## **JURY DEMAND**

Plaintiff hereby requests a jury trial.

/s/ *Sean C. Buchanan*
SEAN C. BUCHANAN (#0084569)